GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
KYLE CRAWFORD
Trial Attorney
1400 New York Ave N.W.
Washington, D.C. 20530
Telephone: (202) 794-4010
Email: kyle.crawford@usdoj.gov

JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6268
Email: jessica.oliva@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KOFI SARFO and<br>ROSE SARFO,<br><br>    Defendants. | Case No.: 23-CR-132-APG-ESY<br><br>**Stipulation for Protective Order** |

  The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, materials produced by the United States during discovery that contain confidential personal identifying information. The parties state as follows:

  1. On July 18, 2023, a federal grand jury in the District of Nevada indicted defendants KOFI SARFO and ROSE SARFO on one count of conspiracy to commit wire

1

fraud in violation of 18 U.S.C. § 1349 and five counts of wire fraud in violation of 18 U.S.C. § 1343. ECF No. 1. In addition, the grand jury indicted KOFI SARFO on one count of money laundering in violation of 18 U.S.C. § 1957. On July 19, 2023, defendants KOFI SARFO and ROSE SARFO made their initial appearances and were arraigned in the District of Nevada.

2. Trial is currently scheduled for September 25, 2023. ECF No. 11.

3. The discovery to be produced in connection with this case contains hundreds of pages of documents obtained from a state agency and payroll company, which contains third-party tax information, taxpayer identification numbers, wage information, as well as personal identifying information, including the social security numbers and addresses of multiple individuals. The release of such information to the public or third parties not involved in the case could endanger the privacy of these individuals. This information is referred to here as the "Protected Information." Because of the volume and extent of Protected Information contained in these documents, it is impracticable for the United States to redact these materials. Additionally, the defense may wish to review the Protected Information in the course of analyzing the discovery and preparing the defense. This discovery is identified at the materials bates-stamped DOJ-PROD-0000006127 – 8408 and DOJ-PROD-0000009633 - DOJ-PROD-0000009673.

4. In order to protect the privacy of these third-party individuals contained in the discovery, the parties stipulate that discovery at the above-referenced bates numbers (and such additional documents as the parties may designate) provided by the United States in preparation for, or in connection with, any stage of this case are subject to this protective order ("the Order") and may be used by the defendants and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no

other purpose, and in connection with no other proceeding, without further order of this Court.

5. The defendants and defense counsel shall not disclose Protected Information or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of Protected Information as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

6. The defendants, defense counsel, and authorized persons shall not copy or reproduce Protected Information except in order to provide copies of the materials for use in connection with this case by defendants, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendants, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Protected Information, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Before providing Protected Information to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

8. Upon conclusion of all stages of this case, including any appeals or collateral proceedings, all of the Protected Information and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in

evidence at other trials, nor do the restrictions in this Order limit the use of Protected Information in judicial proceedings in this case, except as described below.

10. Absent prior permission from the Court, Protected Information shall be redacted from any public filing in accordance with Fed. R. Crim. P. 49.1 and LR IC 6-1.

11. In the event of an inadvertent disclosure of Protected Information, the party making or learning of the inadvertent disclosure will immediately:

   a. Notify the person to whom the disclosure was made that it contains Protected Information subject to this Order;

   b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

   c. Notify the United States and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

   d. Notify the Court in writing under seal.

12. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

14. The defense hereby stipulates to this protective order.

Respectfully submitted,

For the United States:

GLENN S. LEON
Chief, Fraud Section
U.S. Department of Justice

*/s/ Kyle Crawford*
Kyle Crawford
Trial Attorney

JASON M. FRIERSON
United States Attorney
District of Nevada

*/s/ Jessica Oliva*
Jessica Oliva
Assistant United States Attorney

For the Defense:

*/s/ Kathleen Bliss*
Kathleen Bliss
Attorney for Kofi Sarfo

*s/ Paul Padda*
Paul Padda
Attorney for Rose Sarfo

**IT IS SO ORDERED:**

_____
HON. ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

August 2, 2023
_____
Date

5