1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

KOFI SARFO,
ROSE SARFO,

Defendants.

Case No. 2:23-cr-00132-APG-EJY

**Report and Recommendation**

Re: ECF No. 64

10      Pending before the Court is Kofi Sarfo's Motion to Suppress Illegally Seized Evidence
11 Without a Search Warrant (the "Motion").  ECF No. 64.  The Court considered the Motion, the
12 Opposition (ECF No. 73), and Reply (ECF No. 86).
13      Distinguishing Mr. Sarfo's characterization of events on the morning of his arrest from the
14 relief sought through his Motion—suppression of "[a]ny evidence derived from the" sweep "of the
15 Sarfos' home"—the Court finds there is nothing to suppress at this time.  The Government states it
16 "does not intend to introduce any evidence about anything seen within the Sarfos' home in its case-
17 in-chief.[]"  ECF No. 73 at 7.  The Government further represents "[l]aw enforcement … did not
18 seize any files, records, electronic devices, or any other evidence from the Sarfos' home." *Id*.  While
19 it is true the Government "reserves the right to introduce testimony regarding anything seen in the
20 house in the unlikely event that information somehow becomes relevant to impeach a Defendant,"
21 (*id*. at 7 n.3), Mr. Sarfo's Reply argues only that the Court should "bar the [G]overnment from
22 introducing evidence which was taken as part of the illegal search …"  ECF No. 86 at 2.  Mr. Sarfo
23 does not mention, let alone respond to, the introduction of evidence "seen" by law enforcement
24 during the sweep for impeachment purposes. *Id*.
25      As held by the U.S. Court of Appeals for the Ninth Circuit in *U.S. v. Kahre*, 737 F.3d 554,
26 565 (9th Cir. 2013) (internal citation omitted), evidence not introduced at trial need not be ordered
27 suppressed as the issue is moot.  Of course, here, there has been no trial.  Nonetheless, the
28

fundamental principle in *Kahre* is instructive.  That is, evidence not introduced need not be suppressed.

The Court finds it appropriate to leave to trial the issue of whether evidence seen during the sweep may be used for impeachment purposes in the unlikely event the Government attempts to introduce such evidence following testimony by a Defendant.  Because the Government concedes no physical evidence was seized during the sweep of the Sarfos' home, and no evidence seen during the sweep will be introduced during the Government's case in chief, there is nothing to suppress at this time.

Accordingly, IT IS HEREBY RECOMMENDED that Kofi Sarfo's Motion to Suppress Illegally Seized Evidence Without a Search Warrant (ECF No. 64) be DENIED as moot in part and DENIED without prejudice in part.

IT IS FURTHER RECOMMENDED that the Motion to Suppress (ECF No. 64) be DENIED as moot with respect to the Government's case in chief and the introduction of evidence gathered by law enforcement during the sweep of the Sarfos' home.  The Government concedes no physical evidence was gathered and no evidence seen during the sweep will be introduced during this phase of proceedings.

IT IS FURTHER RECOMMENDED that the Motion to Suppress (ECF No. 64) be DENIED without prejudice to the extent there may be a future attempt to introduce at trial evidence seen by law enforcement during the sweep of Defendants' home for purposes of impeaching Defendants' direct testimony.  Should this issue arise at trial, Defendants may raise the issue of suppression again.

Dated this 14th day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).