UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>KOFI SARFO and ROSE SARFO,<br><br>  Defendants | Case No.: 2:23-cr-00132-APG-EJY<br><br>**Order Granting Government's Motion in Limine**<br><br>[ECF No. 90] |

The United States filed a motion *in limine* seeking pretrial rulings on various evidentiary issues. ECF No. 90. I grant the motion as detailed below.

**1. The Defendants are precluded from introducing evidence of intent to repay the EIDL Loan.**

The Government moves to bar the defendants from presenting evidence or argument that they repaid or intended to repay the EIDL Loan. ECF No. 90 at 3-5. "[W]ire fraud requires the intent to deceive *and* cheat — in other words, to deprive the victim of money or property by means of deception." *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (emphasis in original). "[A]n 'intent to deceive and cheat' . . . does not require 'an intent to *permanently* deprive a victim of money or property.'" *United States v. Sharma*, 851 Fed. App'x. 708, 710 (9th Cir. 2021) (quoting *Miller*, 953 F.3d at 1103) (emphasis in original). Thus, "[i]ntent to repay . . . is not a defense to wire fraud." *Miller*, 953 F.3d at 1103.[1]

---

[1] *See also United States v. Hollis*, 971 F.2d 1441, 1452 (10th Cir. 1992) ("A person violates the bank fraud statute when he knowingly executes a scheme to obtain money from a financial institution by means of false or fraudulent representations. 18 U.S.C. § 1344. Certainly, if a defendant never intended to provide false information, or if the misrepresentations were immaterial, then the defendant has a valid defense. However, if a defendant knowingly provided

The Government must prove the defendants intended to deceive and cheat when they filled out and submitted their loan application. To rebut that element of the crime, the defendants may offer evidence and argument that they did not intend to deceive and cheat at that time. But the defendants cannot offer arguments or evidence of intent or subsequent acts to repay the loan.

**2. The Government may introduce the defendants' statements made to law enforcement.**

The Government seeks permission to introduce statements made by each defendant to law enforcement officers. ECF No. 90 at 5-11.[2] The defendants respond that this violates the Confrontation Clause of the Sixth Amendment. ECF No. 109 at 8-12.

The Confrontation Clause applies only to "testimonial" statements, such as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial . . . ." *Crawford v. Washington*, 541 U.S. 36, 52 (2004). This includes statements made to police officers conducting an interrogation. *Id*. at 53. "Under *Crawford* [therefore], the Confrontation Clause has no application to [out-of-court nontestimonial] statements and therefore permits their admission even if they lack indicia of reliability." *Whorton v. Bockting*, 549 U.S. 406, 420 (2007). The determination whether a statement is testimonial "focuses on the 'primary purpose' of the statement, and in particular on how it relates to a future criminal proceeding. . . . A court

---

materially false information in order to induce the loan, the crime is complete, and it is irrelevant whether or not he intended to repay it or was capable of repaying it.").

[2] The defendants argue that the statements at issue are the subject of a pending motion to suppress statements made by Rose Sarfo. ECF No. 109 at 8-9 (referring to ECF No. 68). The Government replies that the statements that are the subject of its motion *in limine* are not the subject of the suppression motion. ECF No. 110 at 5. The Government appears to be correct, as the suppression motion addresses statements Rose Sarfo made while in custody (ECF No. 68 at 6-9) while the Government's motion addresses statements made months before.

must therefore identify the out-of-court statement introduced, and must determine, given all the 'relevant circumstances,' the principal reason it was made." *Smith v. Arizona*, 602 U.S. ___, 144 S. Ct. 1785, 1801 (2024) (quoting *Michigan v. Bryant*, 562 U.S. 344, 369 (2011)).

Rose's statements (identified in the Government's motion at pages 7-8) were not testimonial. She made them during a phone call with an undercover FBI agent posing as a Small Business Administration representative conducting a survey about the loan application process and how the Sarfo's loan proceeds were spent. ECF No. 90 at 7-8. The defendants do not dispute the Government's description of this phone call. Given this context, Rose would not have any reason to believe that her statements would be available for use at a later trial. And numerous courts have held that statements made to undercover officers are not governed by the Confrontation Clause.[3]

On the other hand, Kofi's statements (identified in the Government's motion at pages 9-10) were made during an interview with a disclosed FBI agent who was investigating the Sarfo's loans. Thus, they are deemed testimonial. But that does not automatically preclude their admission at trial because his statements do not directly implicate Rose in committing a crime.[4]

---

[3] See, *e.g.*, *United States v. Avendano-Soto*, No. 2:20-cr-00003-APG-EJY, 2020 WL 4736301, at *5 (D. Nev. Aug. 14, 2020) ("[S]tatements made unknowingly to a government agent, such as an undercover officer or informant, are nontestimonial, are not governed by the Sixth Amendment Confrontation Clause, [and] are admissible . . . ."); *United States v. Dale*, 614 F.3d 942, 956 (8th Cir. 2010) ("[W]e join many of our sister circuits, which have similarly concluded that the out-of-court statement of a co-defendant made unknowingly to a government agent is not 'testimonial' within the meaning of *Crawford*."); *United States v. Mooneyham*, 473 F.3d 280, 287 (6th Cir. 2007) ("Because McMahan was not aware that Williams was a police officer [posing as a co-conspirator], his remarks were not the product of interrogation and were not testimonial in nature. Hence, there was no *Crawford* error in the introduction of those remarks.").

[4] Rose's statements likewise do not directly incriminate Kofi. Thus, even if Rose's statements could be considered testimonial, they would still be admissible under this analysis.

3

"[T]he *Bruton*[5] rule applies only to directly accusatory incriminating statements, as distinct from those that do not refer directly to the defendant and become incriminating only when linked with evidence introduced later at trial." *Samia v. United States*, 599 U.S. 635, 652–53 (2023) (quoting *Gray v. Maryland*, 523 U.S. 185, 194, 196 (1998)) (simplified). *See also United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018) ("Because Mikhel's testimony did not facially incriminate Kadamovas, it did not trigger the *Bruton* rule."). Here, the statements by Rose and Kofi do not facially incriminate each other. Rose told the undercover agent that Kofi signed the application and it was "his application." ECF No. 90 at 8. Kofi told the agent that Rose was part of both the family business and the loan process but he would "not put the blame on her." *Id*. at 9-10. Neither of the defendants directly incriminated the other or admitted to committing a crime or conspiring with the other to do so. To the extent these statements may corroborate the Government's evidence, they "become incriminating only when linked with evidence introduced later at trial." *Gray*, 523 U.S. at 196 (simplified). *See also United States v. Hoac*, 990 F.2d 1099, 1105 (9th Cir. 1993) (holding "a codefendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights"). Thus, admitting these statements does not violate the Confrontation Clause or the *Bruton* rule. The Government may offer these statements into evidence provided the proper foundation is first laid.

/ / / /

/ / / /

/ / / /

---

[5] *Bruton v. United States*, 391 U.S. 123, 135-36 (1968) (holding, among other things, that the admission of "the powerfully incriminating extrajudicial statements of a codefendant," without affording the codefendant the chance to cross-examine, violates the Confrontation Clause).

### 3. I grant the Government's request to designate certain documents as self-authenticated.

The Government requests that I deem some specified records as self-authenticated under Federal Rules of Evidence 902(2) and 902(11). The Government has satisfied the requirements of those two rules, and the defendants have offered no valid reason to deny the motion. I therefore grant the Government's request and deem as self-authenticated under FRE 902 the documents listed in ECF No. 90 at 12-13.

### 4. The defendants may not introduce evidence or make arguments or allegations about their arrest.

The Government next moves to preclude the defendants from offering evidence, testimony, or arguments about how they were arrested and that they were shackled at the beginning of their initial court appearances. *Id.* at 14-16. Such evidence is irrelevant to the charges in this case and the prejudicial effect of such allegations substantially outweigh the (absent) probative value. FRE 403. In response, the defendants offer no relevance or probative value of such allegations, so I grant the Government's motion.

### 5. The Government may introduce evidence about the defendants' use of proceeds of the PPP and EIDL loans for personal expenditures.

The Government next requests permission to introduce evidence that the defendants used the allegedly ill-gotten loan proceeds for personal expenditures, arguing such evidence is "inextricably intertwined" with the charged crimes. ECF No. 90 at 16-17. I agree, and the defendants offer nothing in their response to rebut the Government's argument. I therefore grant the motion.

/ / /

**6. The defendants may not introduce evidence or argument blaming the victims for failing to detect fraud.**

The Government moves to preclude the defendants from offering evidence, testimony, or arguments blaming the lenders for not discovering the defendants' fraud or for being negligent. *Id.* at 17-18. The Ninth Circuit has held that a "lenders' negligence, or even intentional disregard, cannot excuse another's criminal fraud." *United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017). Thus, the lenders' negligence, if any, is irrelevant, and such evidence is precluded. Nor can the defendants offer such evidence to show that their allegedly fraudulent misrepresentations were not material:

> A false statement is material if it objectively had a tendency to influence, or was capable of influencing, a lender to approve a loan. . . . This standard is not concerned with a statement's subjective effect on the victim, but only the intrinsic capabilities of the false statement itself. . . . For this reason we have previously held that misrepresentation may be material without inducing any actual reliance . . . .
>
> That the lenders here might have intentionally disregarded Lindsey's false statements has little relevance to whether those statements are intrinsically able to influence a decision. Again, materiality is an objective element, and an absence of reliance does not affect its presence.

*Id*. at 1015-16 (simplified). Thus, I grant the Government's motion and preclude the defendants from offering such evidence or argument.

**7. The parties are required to comply with the Federal Rules of Evidence.**

Finally, the Government seeks to preclude the defendants from engaging in jury nullification, improperly impeaching Government witnesses, and offering evidence of their good acts. ECF No. 90 at 18-22. In essence, the Government asks me to enforce the Federal Rules of Evidence. To that extent, I grant the Government's motion and expect the parties to follow the rules.

I THEREFORE ORDER that the Government's motion in limine **(ECF No. 90) is granted** as set forth above.

DATED this 12th day of September, 2024.

                                                              ANDREW P. GORDON
                                                              UNITED STATES DISTRICT JUDGE