UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00132-APG-EJY |
| Plaintiff | **Order Accepting Magistrate Judge's Report and Recommendation Denying Motion to Suppress and Denying Defendant Kofi Sarfo's Joinders** |
| v. | |
| KOFI SARFO and ROSE SARFO, | [ECF Nos. 68, 69, 113, 126] |
| Defendants | |

Defendant Rose Sarfo moved to suppress three statements she made to federal agents when she was arrested. ECF No. 68. She claims these statements were taking in violation of her rights under *Miranda v. Arizona*, 384 U.S. 444 (1966). Codefendant Kofi Sarfo moved to join Rose's motion, arguing that admitting her statements would violate his rights under the Sixth Amendment's Confrontation Clause. ECF No. 69. After conducting an evidentiary hearing, Magistrate Judge Youchah recommended that I deny the motion to suppress and joinder. ECF No. 113. Rose filed an objection to that recommendation and Kofi moved to join her objection. ECF Nos. 121; 126. The Government opposed both objections. ECF Nos. 124; 127. I have conducted a *de novo* review of the motion to suppress and related papers as required by Local Rule IB 3-2(b). Judge Youchah's Report and Recommendation sets forth the proper legal analysis and factual bases for the decision, and I adopt it as my own. *See* ECF No. 118.

Although Judge Youchah recommended I deny Kofi's joinder on the *Miranda* issue, I will briefly explain why Rose's statements do not violate the Confrontation Clause. The Confrontation Clause applies only to "testimonial" statements, such as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial . . . ." *Crawford v. Washington*, 541 U.S. 36,

51-52 (2004) (simplified). This includes statements made to police officers conducting an interrogation. *Id.* at 53. Under *Crawford*, "the Confrontation Clause has no application to [out-of-court nontestimonial] statements and therefore permits their admission even if they lack indicia of reliability." *Whorton v. Bockting*, 549 U.S. 406, 420 (2007). The determination whether a statement is testimonial "focuses on the 'primary purpose' of the statement, and in particular on how it relates to a future criminal proceeding. . . . A court must therefore identify the out-of-court statement introduced, and must determine, given all the 'relevant circumstances,' the principal reason it was made." *Smith v. Arizona*, 602 U.S. 779, 800-01 (2024) (quoting *Michigan v. Bryant*, 562 U.S. 344, 369 (2011)).

Rose's statements may be testimonial. Although not in response to interrogation, Rose knew she was speaking in the presence of law enforcement agents during and after her arrest and that her statements could be used in a later trial. Even if the statements are testimonial, however, they are not precluded at trial because the statements do not directly implicate Kofi in committing a crime. "[T]he *Bruton*[1] rule applies only to directly accusatory incriminating statements, as distinct from those that do not refer directly to the defendant and become incriminating only when linked with evidence introduced later at trial." *Samia v. United States*, 599 U.S. 635, 652–53 (2023) (quoting *Gray v. Maryland*, 523 U.S. 185, 194, 196 (1998)) (simplified); s*ee also United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018) ("Because Mikhel's testimony did not facially incriminate Kadamovas, it did not trigger the *Bruton* rule."). Here, Rose's statements do not facially incriminate Kofi. Rose made the following statements during and after her arrest:

---

[1] *Bruton v. United States*, 391 U.S. 123, 135-36 (1968) (holding, among other things, that the admission of "the powerfully incriminating extrajudicial statements of a codefendant," without affording the codefendant the chance to cross-examine, violates the Confrontation Clause).

    (1) "Is this about the loan?"

    (2) "I knew we shouldn't have gotten that loan;" and

    (3) "those stupid loans . . . we paid back $7,000 . . . we made no money."

ECF No. 121 at 4. To the extent these statements may corroborate the Government's evidence, they "become incriminating only when linked with evidence introduced later at trial." *Gray*, 523 U.S. at 196 (simplified). Thus, admitting these statements does not violate the Confrontation Clause or the *Bruton* rule.

    I THEREFORE ORDER that Magistrate Judge Youchah's Report and Recommendation **(ECF No. 113) is accepted**. Rose Sarfo's motion to suppress **(ECF No. 68)** and Kofi Sarfo's joinders **(ECF Nos. 69, 126) are denied.**

    DATED this 9th day of December, 2024.

                                                    _____
                                                    ANDREW P. GORDON
                                                    CHIEF UNITED STATES DISTRICT JUDGE