**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00132-APG-EJY |
| Plaintiff | **Order Regarding Motion in Limine** |
| v. | [ECF No. 140] |
| KOFI SARFO and ROSE SARFO, | |
| Defendants | |

Kofi and Rose Sarfo applied for and received loans from the Small Business Association (SBA) and a bank under the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loan (EIDL) program. The Government has charged them with wire fraud, conspiracy, and money laundering in connection with the loans. ECF No. 1. The Government intends to prove the wire fraud charges by introducing evidence that the Sarfos used the loan proceeds for personal expenses and to purchase cryptocurrency. This, the Government alleges, shows the Sarfos intended to cheat and deceive when they applied for those loans. The Sarfos seek to introduce evidence that they began repaying the loans, to show they had no intent to deceive or cheat. ECF No. 140 at 6-10.

Intent to repay funds is not a defense to wire fraud. *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020); s*ee also United States v. Hollis*, 971 F.2d 1441, 1452 (10th Cir. 1992) (holding it irrelevant whether the defendant intended to repay funds obtained through fraud). Thus, I previously ruled that the Sarfos could not admit evidence about their repayments of the EIDL loan. ECF No. 114. At that time, I was unaware that the Government intended to prove its case with evidence that the Sarfos used the funds for personal expenses. The

1  Government acknowledged at the September 30, 2025 hearing on the present motion that it does

2  not object to the Sarfos offering evidence to show that they also used the funds for business

3  purposes, so long as it does not include showing repayment of the loan.  But if repayment of the

4  loan was a business purpose, why would that be excluded?  More importantly, showing a

5  personal use of funds but precluding the Sarfos from showing any repayments could lead the jury

6  to conclude that the Sarfos did not repay any portion of the loan, which is incorrect.  By offering

7  evidence about the Sarfos' use of the loan proceeds, the Government opens the door to the Sarfos

8  offering evidence to correct that misimpression.  "[T]he opening the door principle allows parties

9  to introduce evidence on the same issue to rebut any false impression that might have resulted

10  from the earlier admission." *United States v. Sine*, 493 F.3d 1021, 1037–38 (9th Cir. 2007)

11  (simplified).  Thus, I will allow the Sarfos to offer evidence that they used some of the loan

12  proceeds to repay a portion of the EIDL loan.

13       The Sarfos also move to preclude the Government from referring to the SBA as a victim.

14  ECF No. 140 at 10-11.  The Government's use of that term merely reflects its theory of the case.

15  The jury will be instructed that the charges in the indictment are only accusations. *United States*

16  *v. Henery*, No. 1:14-CR-00088-BLW, 2015 WL 409684, at *5 (D. Idaho Jan. 29, 2015) (holding

17  that referring to someone "as the victim of the alleged crime is not prejudicial.  The jury will

18  understand, and will in fact be instructed, that . . . the indictment and the charges are only an

19  accusation.").  I therefore deny the Sarfos' request.

20       DATED this 5th day of October, 2025.

21

22                                  ANDREW P. GORDON

23                                  CHIEF UNITED STATES DISTRICT JUDGE